## DURHAM v. UNITED STATES.
### No. 8318.

Circuit Court of Appeals, Fifth Circuit.
May 19, 1937.

Clint W. Hager, of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and I. K. Hay, Asst. U. S. Atty., both of Atlanta, Ga.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant was convicted on four counts of an indictment, which respectively charged him with possession of distilling apparatus; carrying on the business of a distiller without giving bond, and with intent to defraud the government of the tax on the liquor distilled; and with possession of distilled spirits in unstamped containers. A general sentence of eighteen months' imprisonment was imposed.

There are eleven assignments of error. The first eight run to the refusal of the court to direct a verdict of acquittal, either as to the whole indictment or separate counts, and the last three run to the admission of testimony to the effect that some years prior to the offense for which appellant was on trial officers had found liquor in a house occupied by him and others.

There was testimony from revenue agents tending to show the following facts: An unregistered distillery was found about a half mile to the rear of appellant's home. The distillery was set up for operation and complete, except that the worm and copper connections were missing. It showed signs of having been operated within the last few days before it was seized and during a period of perhaps four or five months previous. It was not located on land belonging to appellant but an old field road ran from the Griffin Highway, on which appellant lived, through his yard, to the unregistered distillery. In order to reach the distillery from the home of appellant it was necessary to go through a gate into his pasture and some distance beyond. The road showed signs of travel by wagon and on foot. A wagon with steel tires of the same width as tracks in the road was standing in appellant's yard. About 200 yards from appellant's home and just off his land, hidden in some bushes was found 91 gallons of non-tax paid liquor and there was evidence of foot travel from the field road to where the liquor was found. It was impossible to see the liquor from appellant's home. Some days after the distillery and liquor were destroyed the same officers visited the premises occupied by appellant, and while they were in his yard a truck drove up containing several barrels and empty gasoline drums, which was the type of equipment sometimes used in distilleries. No evidence of distilling was found upon the premises of appellant. There were a number of Negro farmers living in the vicinity of the distillery, about the same distance away from it as appellant's home. There was no evidence of any travel to and from the distillery in any direction except by the field road, running past appellant's home.

Appellant took the stand in his own defense and testified he was a farmer, raised stock, gave his entire time and attention to his farming, and was not and never had been connected in any way either directly or indirectly with the liquor business; that he knew nothing of the distillery or the liquor which was found by the road; that he had purchased the barrels and gasoline drums to

be used as containers for mixed food for his stock and also for watering troughs; that he had cut the drums in two and at the time of the trial was using them as watering troughs. He put his character in evidence and introduced the testimony of several neighbors who testified he was of good reputation and they had never heard of his being connected with the liquor business. In rebuttal one of the officers of the Alcohol Tax Unit was recalled to the stand and testified that he had raided the home of appellant some years before and at that time had found a quantity of corn liquor in the house. He testified he did not know whether there were other male persons residing on the premises at that time or not, and that no indictment had been returned against any one as a result of the raid. Objection was made to the admission of this rebuttal testimony and overruled.

On the whole, it must be conceded the case for the government was rather thin, but we cannot say, as a matter of law, there was not enough to go to the jury. In view of appellant's own testimony the rebuttal evidence was properly admitted.

The record presents no reversible error.

Affirmed.